CHASEZ, Judge.
Mrs. Corinne McMillan appeals from a District Court judgment which affirmed, after trial de novo, the revocation by the State Board of Alcoholic Beverage Control of appellant’s two class A retail liquor permits.
The original complaint against appellant charged both the selling of alcoholic beverages to minors and the allowing of minors to visit and loiter in the licensed premises. Each of these actions is ground for suspension or revocation of permits under LSA-R.S. 26:88.
LSA-R.S. 26:88 provides in pertinent part, as follows:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
“(1) Sell or serve alcoholic beverages to any person under the age of eighteen years.
>ji * ijc * * *
“(3) Invite or permit any person under the age of eighteen years to visit or loiter in or about any place where alcoholic beverages or beer *787 are the principal commodities sold or handled.
******
“Violation of this Section is punishable as provided in R.S. 26:191 and is also sufficient cause for the suspension or revocation of a permit. * * * ”
Although appellant argues to the contrary, we find the record clearly establishes that on the evening of March IS, 1963, at appellant’s bar known as Corinne’s No. 2 in Good Hope, in St. Charles Parish, five minors, each under the age of eighteen years, were served beer and allowed to loiter in the bar.
Appellant further argues that beer is not an “alcoholic beverage” for purposes of LSA-R.S. 26:88(1), making the sale of “alcoholic beverages” to persons under eighteen grounds for permit revocation, since LSA-R.S. 26:2(1) defines alcoholic beverages as those having “more than six per cent by volume” alcohol content. But even assuming (without deciding) the correctness of this argument, the second ground for revocation, that of allowing juveniles to loiter in the bar, remains unaffected.
Appellant also argues that LSA-R.S. 26:91 requires the board, or its agents, or other law-enforcement officers, personally to “observe” the violation. The argument arises from the circumstances that the cited statute, immediately after requiring periodic visitation by the board and the law enforcement officers, uses the wording “If a violation * * * is observed * * * Appellant construes the “observation” referred to as that of the designated authorities. She thus concludes that the board is without authority to act upon its own petition to revoke permits, except when its agent (or other law enforcement officer) has personally witnessed the violation.
In our view this construction is wholly unacceptable. It ignores the purpose of the express penalty of suspension or revocation for violations set forth in Section 88 and attributes to the Legislature an intent so to penalize only such violations as are observed by the authorities. Moreover, Section 91 does not say, if a violation is observed by the board, etc.; the violation charged here was, of course, observed by the youths themselves, as they testified. We believe it would be most unreasonable for a court to ' adopt appellant’s construction to hold the procedure invalid, when Section 91 merely calls for procedure “substantially” as provided.
We hold that LSA-R.S. 26:91 does not require, as a prerequisite to the board filing a petition for suspension or revocation of a permit, that the board or its agent (or any other law enforcement officer) must first personally see a violation being committed.
The judgment appealed from is therefore affirmed at appellant’s cost.
Affirmed.